SAVAGE BROTHERS TIMBER COMPANY v. M. E. COZAD ET AL.

(Filed 27 May, 1926.)

**1. Deeds and Conveyances—Description,—Reference to Cases Pending and Maps—Evidence of Identification.**

A reservation in a deed to lands refering to records in a case pending in the same county as to a part, and to certain maps as to the other part reserved can be made more certain by the introduction of the case and maps referred to, and this makes untenable the objection that the reservation was void for vagueness of description.

**2. Actions—Cross-Actions—Counterclaim—Burden of Proof—Deeds and Conveyances.**

In a suit to remove a cloud on title to lands, the defendant setting up title by way of counterclaim or cross-action to part of the lands described in the plaintiff's complaint has the burden of proving his allegations in so far as they relate to the counterclaim.

APPEAL by defendant, M. E. Cozad, from *Bryson, J.,* at November-December Special Term, 1925, of CLAY.

Civil action to quiet titles and to remove clouds therefrom. The plaintiff brings this action alleging that it is the owner of three separate tracts of land, and that the defendants claim some interest or estate therein, which it seeks to remove as a cloud on its title.

The defendants deny plaintiff's ownership of the several tracts and aver that they are the owners of certain lands described in their answer and that plaintiff's claim constitutes a cloud on their title, which they ask, by way of cross-action or counterclaim, to have removed.

Upon the issues thus joined, the jury found that the plaintiff was the owner of two of the tracts of land described in the complaint, and the defendants the owners of some of the lands described in the answer.

From the judgment rendered on the verdict declaring the claim of the defendants to the two tracts of land found to belong to the plaintiff to be a cloud thereon and decreeing same to be void and that it should be removed therefrom, the defendant, M. E. Cozad, appeals, assigning errors.

*M. W. Bell and Moody & Moody for plaintiff.*
*R. L. Phillips and Anderson & Gray for defendants.*

STACY, C. J. While the record in this case is quite voluminous, the questions presented fall within a very narrow compass. In fact, it is practically conceded that the case pivots on two exceptions.

On 11 October, 1906, the Hiawassee Lumber Company conveyed certain lands, covered by what is known as the Olmstead Grants, to J. C. Angier by deed containing the following general exception:

"Excepting from the operation of this deed 1,488 acres lapped by certain grants for land in Clay County issued to one W. H. Herbert, which are now in litigation in two suits pending in the Superior Court of Clay County, N. C., wherein Henry M. McAden, *et al.,* are plaintiffs, and Lou Herbert *et al.,* and D. S. Herbert *et al.,* are defendants; and also excepting from the operation of this deed and reserving and keeping unto themselves title to 2,632 acres of said land, to wit, parts of the following tracts: 6556, 6687, 6686, 6685, 6684, 6683, 6687, 6681, 6679, 6671, 6673, 6557, 6550, 6672, 6674, 6675, as shown by the aforesaid map of C. C. Standridge as being lapped by tract 4500."

Thereafter, the Hiawassee Lumber Company conveyed the lands, covered by the above general exception, to Savage Brothers Lumber Company, and by mesne conveyance the said lands have been acquired by the plaintiff.

It is the position of the defendant that the description contained in the above exception is void for uncertainty (*Waugh v. Richardson,* 30 N. C., 470), and, therefore, nothing was excepted by it and nothing passed under the subsequent deeds purporting to convey the lands intended to be excepted from the Angier deed. *Harris v. Woodard,* 130 N. C., 580; *Watford v. Pierce,* 188 N. C., 430, and cases there cited.

Plaintiff offered in evidence the records in the cases of Henry M. McAden *et al., v.* D. S. Herbert *et al.,* and Henry M. McAden *et al., v.* Lou Herbert *et al.,* identifying the lands in litigation in said suits, pending in the Superior Court of Clay County, and also the map of C. C. Standridge showing all the grants mentioned in said exception, together with the lappages, etc. These, then, gave certainty and definiteness to the exception first mentioned in the Angier deed and thus rendered it operative, just as if the lands excepted had been described in the deed by particular metes and bounds. *Brown v. Rickard,* 107 N. C., 639; *Southgate v. Elfenbein,* 184 N. C., 129.

It is conceded by the defendant that unless the exception be held void for vagueness and uncertainty, the motion for judgment of nonsuit was properly overruled.

We think the reference in the exception to other instruments showing the lands intended to be excepted from the operation of the deed sufficient to let in evidence of identification under the maxim, *id certum est quod certum reddi potest. Lumber Co. v. Cedar Co.,* 142 N. C., 411, and cases there cited.

But the defendant stressfully contends that error was committed by the trial court in requiring him to handle the laboring oar, or to assume the burden of showing title to the lands described in the answer.

Nothing is better settled by the authorities on the subject than that, in ejectment, the plaintiff must recover, if at all, upon the strength

of his own title, and not upon the weakness of his adversary's. *Rumbough v. Sackett,* 141 N. C., 495; *Pope v. Pope,* 176 N. C., 283. To recover in such action, the plaintiff must show title good against the world, or good against the defendant by estoppel. *Mobley v. Griffin,* 104 N. C., 112; *Campbell v. Everhart,* 139 N. C., 502; *Moore v. Miller,* 179 N. C., 396. It can make no difference, in ejectment, whether the defendant has title or not, the only inquiry being whether plaintiff has it, and upon this issue the plaintiff has the burden of proof. *Pope v. Pope, supra.*

The rule as to the burden of proof was properly observed in the instant case. The defendants were required to assume the burden of proof only on their cross-action or counterclaim, in which they were, *pro hac vice,* plaintiffs. In this, there was no error. *Speas v. Bank,* 188 N. C., 524; *Hunt v. Eure,* 189 N. C., 482.

The learned counsel for the appealing defendant was impressive in his argument before us, but a careful perusal of the entire record leads us to the conclusion that the case has been tried substantially in accord with the decisions on the subject and the principles of law applicable. The verdict and judgment will be upheld.

No error.