BENNY THOMAS HYATT, by His Next Friend, ANNIE STILES HYATT, v.
W. L. McCOY.

(Filed 6 June, 1928.)

**Contracts—Actions for Breach—Pleadings—Demurrer—Illegitimate Children.**

> A demurrer to a complaint of an illegitimate son against his putative father upon a contract alleged, but not set out, is bad, the sufficiency of the consideration not appearing, being a question for the jury under the evidence introduced upon the trial. *Burton v. Belvin*, 142 N. C., 151, and *Thayer v. Thayer*, 189 N. C., 502, cited and distinguished.

APPEAL by defendant from *Townsend, Special Judge,* at November Term, 1927, of MACON. Affirmed.

> *Bourne, Parker & Jones and Horn & Patton for plaintiff.*
> *McKinley Edwards for defendant.*

PER CURIAM. The plaintiff alleges that he is illegitimate, that the defendant is his father, and that Annie Stiles Hyatt is his mother. He brought suit to recover a reasonable amount for his support and maintenance during his minority. The basis of the action is a contract alleged to have been made between the defendant and the plaintiff's mother to support, maintain, and educate the plaintiff. The specific terms of the contract are not set out. Nor does it clearly appear whether the alleged contract is supported by a valuable consideration as in *Burton v. Belvin*, 142 N. C., 151 and *Thayer v. Thayer,* 189 N. C., 502, or whether it rests upon an alleged moral obligation to provide for the plaintiff's maintenance. See Annotations in 17 A. L. R., 1299; 25 A. L. R., 635; A. L. R., 434.

The defendant demurred to the complaint; the demurrer was overruled; and the defendant excepted. By demurring the defendant admitted the existence of a contract, and we cannot hold that upon the face of the complaint the contract is not enforceable. Whether it is depends upon the evidence. This is not a proceeding in bastardy, and the other defenses may be interposed at the trial in the several modes provided by law. In this way the merits may be more satisfactorily determined. The judgment overruling the demurrer is

Affirmed.