STELLA REDMON v. DR. FRANK ROBERTS ET AL.

(Filed 30 December, 1929.)

1. **Bastards B b—Contract of father to support illegitimate child is valid and enforceable.**

A contract made by the father of an illegitimate child with the mother thereof for support and maintenance of such child is not contrary to public policy, but is a valid and enforceable agreement supported by sufficient consideration.

2. **Wills B b—In this case held: Statute of Frauds could not be pleaded by defendant in action for breach of contract to devise.**

Where the father of an illegitimate child contracts with its mother to devise to such child a share of his estate equal to the share of his legitimate children, and in consideration thereof the mother gives up the custody of the child and forbears to take legal action against him, in an action by such child to recover damages against the estate of the deceased father for breach of the contract to devise: *Held*, the contract was supported by sufficient consideration, and the deceased father having received the benefits of the contract his personal representative will not be allowed to plead the Statute of Frauds.

3. **Appeal and Error J g—Where plaintiff may recover on one aspect of case consideration of another is unnecessary on appeal.**

Where by a liberal construction of the allegation of the complaint the relief sought is based on breach of an oral contract to adopt and the breach of an oral contract to give the plaintiff an equal share of the intestate's property, and the plaintiff can recover on the contract to devise, on appeal it is unnecessary to discuss the effect of the oral contract to adopt.

4. **Appeal and Error F a—Where exceptions are not taken in trial court discussion of alleged error will not be considered on appeal.**

Where the charge of the Superior Court judge is not excepted to upon the issue of the measure of damages, the discussion in appellant's brief upon the subject will not be considered on appeal. *Semble:* Where the

6—198

consideration for an oral contract to devise lands cannot be measured by pecuniary standards, the measure of damages for its breach is ordinarily fixed by the standard adopted by the parties to the contract, or the value of the property agreed to be devised.

CIVIL ACTION, before *Johnson, Special Judge,* at May Term, 1929, of MADISON.

The plaintiff is an illegitimate daughter of J. F. Redmon, who died intestate on or about 24 April, 1928. The defendants are the administrator, widow, and heirs at law of the deceased.

The evidence tends to show that the deceased in his early manhood was intimate with the mother of plaintiff, who was then a young girl. The evidence further tends to show that the deceased made a contract with the mother "that if I wouldn't bring suit against him or have my brothers bring suit against him, that he would take Stella . . . as his child, give her his name, and just as soon as he was financially able that we would get married. I agreed to that." Thereafter the deceased informed plaintiff's mother that he was intending to marry some one else, and that thereupon the deceased agreed with the mother of plaintiff that "he would take her in his own home after he was married, and he would give her his name and leave her equal part of anything he had equal with any children he had. I agreed with Mr. Redmon if he would take her and raise her as his child, and give her a share of property, that I would not bring suit against him or allow my brothers to bring suit against him." Thereafter the mother of plaintiff married and moved away to a distant state, and the plaintiff went to the home of the deceased and lived in his home as one of this children, took the name of the deceased, and was sent to school by him and cared for by him as one of his own children. At the time of his death the deceased left a wife and seven children.

There was evidence tending to show the value of the estate of intestate.

The following issues were submitted to the jury:

1. "Is the plaintiff the illegitimate child of defendants' intestate, J. F. Redmon, as alleged in the complaint?"

2. "Is Stella Redmon the illegitimate child of her mother, Stella Kate Haynie?"

3. "Did the defendants' intestate, J. F. Redmon, in consideration of an agreement on the part of the plaintiff's mother not to take legal action against the defendants' intestate on account of seduction or bastardy, contract and agree with the mother of the plaintiff, to leave to the plaintiff at his death, a share of his estate equal in value, to that left to each of his other children, as alleged in the complaint?"

4. "Did the defendants' intestate, J. F. Redmon, in consideration of the plaintiff's mother turning over the custody and control of plaintiff to the defendants' intestate, contract and agree with the mother of the plaintiff, to leave to the plaintiff at his death, a share of his estate equal in value to that left to each of his other children, as alleged in the complaint?"

5. "If so, did the defendants' intestate breach his contract, as alleged in the complaint?"

6. "Did the defendants' intestate, during his lifetime, legally adopt the plaintiff, Stella Redmon?"

7. "What damages, if any, is the plaintiff entitled to recover of the defendants?"

The jury answered the first five issues "Yes," the sixth issue, "No," and the seventh issue, "$6,000."

The record shows the following entries: "After the coming in of the verdict in the above-entitled case, the plaintiff moved for judgment on the verdict. This motion was denied for the reason, and only for the reason, that the undersigned judge was of the opinion that, as a matter of law, upon all the evidence, the plaintiff was not entitled to recover."

Thereupon judgment was entered setting aside the verdict as a matter of law and not as a matter of discretion.

From judgment rendered plaintiff appealed.

*R. R. Williams, Carl R. Stuart and C. B. Mashburn for plaintiff.*
*John A. Hendricks and G. V. Roberts for defendants.*

BROGDEN, J. Can an illegitimate child maintain an action against the estate of the deceased father, upon a contract made by the father with the mother, to the effect that the father would take the child into his own family and at his death give such child an equal share in his estate with his legitimate children?

Certain aspects of the question have been considered by this Court in *Thayer v. Thayer,* 189 N. C., 502, 127 S. E., 553. It is clearly established in this State that a contract made by the father of an illegitimate child with the mother thereof for support and maintenance of such child, is not contrary to public policy, but is a valid and enforceable agreement supported by sufficient consideration, *Hyatt v. McCoy,* 195 N. C., 762, 143 S. E., 518.

However, the defendants contend that the plaintiff cannot recover because the contract alleged and proven constituted either an agreement to adopt or to devise real property. Hence, if the contract sued on was merely an agreement to adopt, then no recovery lies for the reason

that adoption is the creature of statute and strict compliance therewith is essential to establish the relationship of parent and child. *Truelove v. Parker,* 191 N. C., 430, 132 S. E., 295. Moreover, if the cause of action be based upon an agreement to devise real property, then the contract is unenforceable by reason of the application of the statute of frauds, it being admitted that the contract between the parties was entirely oral.

The complaint sets forth two theories as a basis of the action. It is alleged: "That shortly before the said J. F. Redmon married the defendant, Virginia Lee Redmon, he came to see plaintiff's mother and assured her again that the said marriage in no way would interfere with the rights of this plaintiff, and that he would adopt this plaintiff as his own child and care for her and nourish her and educate her and leave to her the same share in the estate of said J. F. Redmon that any other child would have." Again in paragraph 10 of the complaint, it is alleged "that on several occasions thereafter the said J. F. Redmon assured the plaintiff's mother that he would leave to the plaintiff the same share in his estate that any other child of his might get, and that the plaintiff should share in his estate equally with all other children of said J. F. Redmon." The prayer for relief is to the effect that plaintiff be "adjudged to be the adopted child of said J. F. Redmon, deceased," and that "she have and recover . . . a sum of money equivalent to the value of a child's share in all of the estate . . . of which the said J. F. Redmon died seized and possessed."

A liberal construction of the allegations of the complaint discloses that the relief sought was not based entirely upon the breach of a contract to adopt plaintiff, but also upon the breach of contract to give the plaintiff an equal share of the intestate's property. Therefore, we deem it unnecessary to discuss the effect of an oral contract of adoption.

This Court and the Courts generally have upheld and enforced oral contracts to devise or convey land in consideration of services rendered. *Whetstine v. Wilson,* 104 N. C., 385, 10 S. E., 471; *Lipe v. Houck,* 128 N. C., 115, 38 S. E., 297; *Faircloth v. Kenlaw,* 165 N. C., 228, 81 S. E., 299; *McCurry v. Purgason,* 170 N. C., 463, 87 S. E., 224; *Deal v. Wilson,* 178 N. C., 600, 101 S. E., 205; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Doty v. Doty,* 2 L. R. A. (N. S.), 713; *Broughton v. Broughton,* 262 S. W., 1089; *Bowling v. Bowling's Admr.,* 300 S. W., 876. The theory upon which the reason is based, is that the party breaching the contract has received the benefit thereof, and that it would be an act of bad faith to plead the statute of frauds as a bar to recovery. This principle was declared in *Deal v. Wilson, supra,* as follows: "We there said that where the defendant has promised, in con-

sideration of services to be rendered, that he will transfer to the plaintiff certain property, which he afterwards refuses to do, and, instead of fulfilling his contract, sets up the statute of frauds as a bar to any recovery on the same, he acts in bad faith, and his conduct having deceived the plaintiff, who, relying upon the assurance that the contract would faithfully be performed, had been induced to part with his money or to render services of value to the defendant, the latter may recover compensation for the loss he has sustained."

We can perceive no logical distinction, in principle, between rendering services to a decedent and foregoing the assertion of a legal right. In the case at bar, the mother of plaintiff had a right to institute an action against the deceased for damages, and she was entitled to the custody of her minor daughter. She surrendered both of these rights to the intestate in consideration of the agreement to give the plaintiff an equal share of his property. In contemplation of the law, this was sufficient consideration to support the agreement and the consideration was received by the defendant. Plaintiff's mother instituted no action and did not attempt to withhold the custody of her minor daughter. Hence, her part of the agreement was fully and completely performed, and we are therefore of the opinion that the plaintiff is entitled to recover.

The measure of damages is discussed in the brief of defendants, but the record discloses that there was no exception to the charge of the trial judge upon the measure of damages, and hence that question is not before us. However, in the case of *Bowling v. Bowling, supra,* the facts are almost identical with those in the case at bar. The Kentucky Court says: "The general rule is that an oral agreement to devise real estate to another is within the statute of frauds and cannot be enforced, but where the benefit to intestate cannot be measured in money, there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract. The measure of damages for the breach of contract to devise is the value of the property agreed to be devised."

We hold that the plaintiff is entitled to judgment upon the verdict, and that the trial judge committed error in setting aside the verdict as a matter of law.