ROXIE CONLEY v. C. R. CABE, ADMINISTRATOR OF THE ESTATE OF S. C. CONLEY, DECEASED.

(Filed 12 February, 1930.)

1. **Bastards B b—Contract for support of illegitimate child is valid and is enforceable by the child.**

    A contract made by the father of an illegitimate child with the mother of such child for its support, maintenance, and education is not contrary to public policy and is valid and enforceable by the child for whose benefit it was made.

2. **Executors and Administrators D c—Measure of damages recoverable against estate of father by illegitimate child on contract for support.**

    Where the estate of the father of an illegitimate child is sued by the child upon a contract made by the deceased with the mother of such child for its maintenance, support and education, the measure of damages

recoverable against the estate upon sufficient proof on the contract is a reasonable amount, taking into consideration the conditions and standing of the plaintiff in the community, for the support and maintenance and education of the child during minority, less such sums as may have been paid by the father during his lifetime for this purpose.

**3. Evidence D b—Mother of illegitimate child suing estate of father on contract for support is not party in interest within meaning of C. S., 1795.**

The mother, in her illegitimate child's action against the estate of the deceased father on a contract made by him for the child's support, is not a party interested in the event of the action whose evidence on the trial is excluded under the provisions of C. S., 1795.

APPEAL by defendant from *McElroy, J.,* and a jury, at April Term, 1929, of MACON. No error.

This was an action for breach of contract.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is the plaintiff the illegitimate child of defendant's intestate, S. C. Conley, as alleged in the complaint? Answer: Yes.

2. Did defendant's intestate, S. C. Conley, contract to and with Nancy Conley, the mother of the plaintiff, to take care of, maintain, support and educate plaintiff? Answer: Yes.

3. Did the defendant's intestate, the said S. C. Conley, fully perform said contract? Answer: No.

4. What amount, if any, is plaintiff entitled to recover of the defendant as administrator? Answer: $2,772."

*Jones & Jones and Bourne, Parker & Jones for plaintiff.*
*Edwards & Leatherwood for defendant.*

CLARKSON, J. After the jury had been sworn and empaneled to try this action and after the pleadings had been read, the defendant demurred *ore tenus* to the complaint. The motion was overruled, and defendant excepted and assigned error.

The defendant introduced no evidence and at the close of plaintiff's evidence made a motion for judgment as in case of nonsuit. C. S., 567. The motion was overruled and defendant excepted and assigned error. We think the court below was correct in overruling the demurrer *ore tenus* and also the motion for judgment as in case of nonsuit. We think there was sufficient evidence to be submitted to the jury.

The suit is properly brought. In *Parlier v. Miller,* 186 N. C., at p. 503, it is said: "We deduce from the authorities that it is well settled that where a contract between two parties is made for the benefit of a

third, the latter may sue thereon and recover, although not strictly a privy to the contract." *Bank v. Assur. Co.,* 188 N. C., 753; *Thayer v. Thayer,* 189 N. C., 508.

In *Redmond v. Roberts, ante,* at p. 163, speaking to the subject, it is said: "It is clearly established in this State that a contract made by the father of an illegitimate child with the mother thereof for support and maintenance of such child, is not contrary to public policy, but is a valid and enforceable agreement supported by sufficient consideration. *Hyatt v. McCoy,* 195 N. C., 762, 143 S. E., 518."

The fact that some one else partially performed what the contract contemplated should be done for plaintiff did not relieve defendant's intestate of his duty under the contract. The jury has found, under proper instruction, that defendant's intestate made the contract for plaintiff's benefit and breached it. We see no prejudicial error in the admission of evidence set forth in the record, which was excepted to by defendant and error assigned and allowed by the court.

We see no error in the following portion of the charge which defendant excepted to and assigned as error: "The court charges you that if the plaintiff—if you have answered the first and second issues Yes, and the third issue No, and then the plaintiff would be entitled to recover of the estate of said intestate a reasonable amount for her support, maintenance and education during her minority, taking into consideration the condition and standing of the plaintiff in the community in which she lived, less such amount as you may find from the evidence that the defendant's intestate has paid the plaintiff, or to her mother for her use during her minority. And the difference between such an amount as you may find shall be a reasonable amount for the support, education and maintenance of the plaintiff less such an amount as defendant's intestate may have actually paid, the difference between those two amounts would be your answer to the fourth issue."

C. S., 1795, has no application to the evidence of Mrs. Nancy Conley, mother of the plaintiff. She was not "a party or a person interested in the event, . . . concerning a personal transaction or communication between the witness and the deceased person." *Fort Worth & Denver City Ry. Co. v. Hegwood, post,* 309.

The court below did not impinge upon, but fully complied with C. S., 564.

The evidence was plenary to support the verdict. In the judgment we find

No error.