P. O. LEWIS AND ADELAIDE LEWIS v. W. J. MITCHELL, ADMINISTRATOR OF W. L. MITCHELL, DECEASED.

(Filed 22 April, 1931.)

1. **Evidence D b—Where administrator introduces evidence of transaction with decedent adversary party may introduce evidence of such transaction.**

    An administrator of a deceased person "opens the door" to the plaintiff in an action against the estate to introduce evidence of personal transactions and communications by eliciting such evidence beforehand on the trial.

2. **Same — Testimony of disinterested witnesses as to declarations of decedent held competent.**

    Testimony of declarations of a decedent as to certain of his desires in regard to the distribution of his property, relevant to the issue, is competent when testified to by witnesses not interested in the result of the trial when such testimony is otherwise competent.

3. **Wills B b—Evidence of value of land held competent on question of value of services rendered decedent in action on contract to convey.**

    In an action against the estate of the decedent to recover for services rendered upon the promise of the decedent to devise his lands in compensation, testimony as to the value of the lands *is held* competent upon the question of the value of the services rendered decedent.

CIVIL ACTION, before *Sinclair, J.,* at October Term, 1930, of HERT-FORD.

The plaintiffs are husband and wife and brought this action against the administrator of W. L. Mitchell, alleging that in August, 1920, the said W. L. Mitchell, deceased, requested plaintiffs to leave their home at Goldsboro, North Carolina, and move to his farm in Hertford County, cultivate, clear and improve said farm and take care of said intestate, with the understanding that the said intestate would make a will, leaving his property to plaintiffs at his death. Plaintiffs further allege that, relying upon said promise, they moved to the home of the defendant's intestate, cultivated the farm, erected permanent improvements thereon, and cared for said intestate until his death. It was further alleged that no will was made and consequently plaintiffs have not been compensated for services rendered.

The administrator filed an answer denying the material allegations of the complaint and further alleging that the deceased, W. L. Mitchell, paid the plaintiffs for his board, and that they were merely tenants on the farm.

The verdict of the jury established a contract between the plaintiffs and the deceased Mitchell, as alleged in the complaint, and awarded $500 to the male plaintiff for services and $2,000 to the *feme* plaintiff.

From judgment upon the verdict the defendant appealed.

*Alvin J. Eley for plaintiffs.*
*W. W. Rogers and J. C. Cherry for defendant.*

BROGDEN, J. The defendant "opened the door" with respect to the evidence relating to personal transactions with the deceased. Consequently the exceptions upon this phase of the case cannot be sustained. *Sumner v. Candler,* 92 N. C., 634; *Pope v. Pope,* 176 N. C., 283; *Walston v. Coppersmith,* 197 N. C., 407.

The defendant also excepted to certain conversations that third parties had with the deceased to the effect that he wanted the *feme* plaintiff to have his property. The record does not disclose that any of these witnesses had a pecuniary interest in the result of the action. "Exclusion does not apply when witness has no interest in the result of the action." *R. R. v. Hegwood,* 198 N. C., 309; *Conley v. Cabe,* 198 N. C., 298.

Exceptions were also taken to certain testimony relating to the value of the land. This evidence was competent upon the question of the value of services rendered by the plaintiffs to defendant's intestate.

Indeed, a careful examination of all the exceptions does not disclose reversible error, and the judgment is affirmed.

No error.