LESTER CARSON v. C. E. JENKINS ET AL.

(Filed 2 May, 1934.)

**Ejectment C a—Where complaint in ejectment fails to allege title in plaintiff a demurrer thereto is properly sustained.**

Plaintiff brought action in ejectment alleging that he was one of a class for whose benefit an industrial school was created by the General Assembly, that certain lands were conveyed to the school in fee and used by it until it ceased to function when no trustees were elected to succeed the original trustees, that plaintiff was qualified to be a student at the school and desirous of obtaining the instruction formerly available at the school, and that defendants were in wrongful possession of the property. The school was not made a party to the action. *Held,* defendant's demurrer was properly sustained, it being necessary in ejectment for plaintiff to allege and prove title to the property, and he may not rely upon weakness of defendant's title.

APPEAL by plaintiff from *Finley, J.,* at Chambers, North Wilkesboro, 30 December, 1933. From WILKES.

Civil action in ejectment and for damages.

The complaint alleges:

1. That plaintiff is a citizen and resident of Wilkes County, and that "there are numerous other infants or minors in similar situation to his own."

2. That in 1895 the General Assembly of North Carolina incorporated the "North Wilkesboro Academical and Industrial Institute," named twelve trustees, all of whom are now dead or their whereabouts unknown, and that no successors have been elected in their stead. That the said institute was duly organized for the purpose of affording, and did for a number of years afford, instructions in agriculture and trades of various kinds for Negro youths.

3. That in July, 1895, the Winston Land and Improvement Company for a valuable consideration, conveyed to the North Wilkesboro Academical and Industrial Institute 15.18 acres of land (describing it).

4. That the plaintiff and numerous others in similar situation are duly qualified persons, desirous of pursuing the various courses of study which were offered by the institute during the time of its active existence, and as such are entitled to the use and occupation of the premises above described.

5. That the defendants have unlawfully taken possession of said premises, demolished two buildings, and the Home Missions Presbyterian Church is wrongfully claiming title thereto.

Wherefore, plaintiff demands possession and damages.

Demurrer interposed on the grounds: (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that there is a defect of parties; (3) that several causes of action have been improperly united in the same complaint.

From a judgment sustaining the demurrer, the plaintiff appeals, assigning error.

*Cecil A. McCoy for plaintiff.*
*Jones & Brown for defendants.*

STACY, C. J. It is not perceived upon what theory the plaintiff is entitled to eject the defendants from the land in question or to recover damages. He shows no present title, legal or equitable, in himself or in the North Wilkesboro Academical and Industrial Institute, which is not a party. At most, he alleges that many years ago the said institute owned the *locus in quo,* and, when in active existence, certain courses were there taught Negro youths, which he is now desirous of pursuing. Upon these allegations, he demands possession of the land and damages for its detention.

It is elementary that, in ejectment, the plaintiff must rely upon the strength of his own title, and not upon the weakness of his adversary's. *Rumbough v. Sackett,* 141 N. C., 495, 54 S. E., 421. To recover in such action, the plaintiff must show title good against the world, or good against the defendant by estoppel. *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 142. It can make no difference whether the defendant has title or not, the only inquiry being whether plaintiff has it, and upon this issue the plaintiff must assume the burden of *allegata* as well as of *probata. Hayes v. Cotton,* 201 N. C., 369, 160 S. E., 453; *Timber Co. v. Cozad,* 192 N. C., 40, 133 S. E., 173; *Pope v. Pope,* 176 N. C., 283, 96 S. E., 1034.

It appears upon the face of the complaint that it is fatally defective. C. S., 511. The demurrer was properly sustained.

Affirmed.