ROBERT BATTEN v. W. P. AYCOCK, TRUSTEE, ANNIE HOGE VICK AND FIRST-CITIZENS BANK & TRUST COMPANY, CO-EXECUTORS OF THE ESTATE OF DR. GEORGE D. VICK, DECEASED.

(Filed 12 April, 1944.)

**1. Evidence § 32—**

The plaintiff on his examination-in-chief, in an action against an executor or administrator, is competent to testify to the handwriting of the deceased from his general knowledge, but not to testify that he saw deceased actually sign the particular instrument. G. S., 8-51.

**2. Same—**

When the defendant, representative of the deceased, is examined in behalf of himself and his co-representative concerning a personal transaction between plaintiff and deceased, G. S., 8-51, he thus opens the door and makes competent the testimony of his adversary concerning the same transaction.

**3. Same—**

The door is opened, under G. S., 8-51, by the representative of the deceased taking the stand, only in respect to the transaction or set of facts about which such representative testifies. If one party opens the door as to one transaction, the other party cannot swing it wide in order to admit another independent transaction.

APPEAL by plaintiff from *Williams, J.,* at September Term, 1943, of JOHNSTON. New trial.

Civil action to restrain foreclosure of trust deed.

In 1927 plaintiff and his wife executed a mortgage to Dr. George D. Vick to secure the payment of $1,000.00. The plaintiff paid the interest to 1930. The building on the land conveyed having been destroyed by fire, Dr. Vick requested additional security. Thereupon, plaintiff executed the trust deed described in the complaint, conveying as security the original land and a twelve-acre tract in addition.

Plaintiff contends that in 1932 Dr. Vick demanded payment of the full amount and that he and his mother on or about 29 March, 1932, went to Dr. Vick's office and paid him $500.00 by check and $500.00 in cash in full settlement. He holds a paper-writing, which purports to be a receipt signed by Dr. Vick for $1,000.00 "On land. Paid in full." No further demands were made on him for payment.

Dr. Vick died 2 November, 1940. Thereafter, defendant Aycock, Trustee, advertised the land for sale under the trust deed. Plaintiff went to see defendant executors and exhibited check and receipt. The executors gave credit for the check but declined to recognize the validity of the receipt. Thereupon, plaintiff instituted this action to restrain the sale.

On the trial below plaintiff offered evidence that Dr. Vick gave a receipt showing that the debt was paid in full, and he identified the paper writing exhibited to the executors as a receipt. But evidence offered by him as to the genuineness of the signature was excluded under G. S., 8-51 (C. S., 1795).

Defendant Annie Hoge Vick, widow of the deceased and co-executor, testified for defendants and was examined concerning the signature on the receipt. She stated: "I would not recognize that as the doctor's writing. I kept his books for thirty years, and I do not recognize it as his handwriting. I have to be honest about that. I can't say it is or it isn't. It is very foreign to his writing, as far as I am concerned. Defendant Aycock and a son of deceased also testified in respect thereto. Neither testified positively that it was or was not Dr. Vick's handwriting.

In rebuttal plaintiff offered to testify that Dr. Vick wrote the receipt and that the signature was in his handwriting. This testimony was excluded and plaintiff excepted.

There was a verdict and judgment for defendants. Plaintiff excepted and appealed.

*Levinson & Pool for plaintiff, appellant.*
*Lyon & Lyon for defendants, appellees.*

BARNHILL, J. Plaintiff on his examination-in-chief was competent to testify to the handwriting of the deceased from his general knowledge, but not to testify that he saw the deceased person actually sign the par-

ticular receipt. *Lister v. Lister,* 222 N. C., 555, and cases cited; *Herring v. Ipock,* 187 N. C., 459, 121 S. E., 758.

When, however, the defendant, representative of the deceased, was examined in behalf of the defendants concerning the same transaction, she thus opened the door and made competent the testimony of her adversary concerning the same transaction about which she testified. G. S., 8-51 (C. S., 1795); *Pope v. Pope,* 176 N. C., 283, 96 S. E., 1034; *Sumner v. Candler,* 92 N. C., 634; *Herring v. Ipock, supra; Lewis v. Mitchell,* 200 N. C., 652, 158 S. E., 183; *Hall v. Holloman,* 136 N. C., 34, 48 S. E., 515.

The evidence offered by the defendants, although equivocal, was for the purpose of attacking the genuineness of the receipt and to prove that the deceased did not, in fact, sign the same. This, in our opinion, opened the door in respect to this particular part of the controversy. So soon as they undertook to attack the instrument through the evidence of the executors, its execution became an open question and made competent plaintiff's testimony that Dr. Vick signed the paper writing, even though the statement was based on the fact he saw him sign at the time he claims he made the payment.

But the "door is opened" only in respect to the transaction or set of facts about which the representative of the deceased person testified. "In other words, if one party opens the door as to one transaction, the other party cannot endeavor to swing it wide in order to admit another independent transaction." *Walston v. Coppersmith,* 197 N. C., 407, 149 S. E., 381.

Plaintiff also stresses another assignment of error which appears in the record. His mother was surety on the prosecution bond. She offered to testify concerning the transaction between plaintiff and the deceased at the time plaintiff alleges he paid the debt in full. Her testimony was excluded under G. S., 8-51; C. S., 1795. Plaintiff excepted and assigns the same as error.

As the question thus presented may become moot by the substitution of another bondsman before the next hearing, a majority of the Court are of the opinion that we need not take notice of the exception at this time. In deference to this majority view, we pass the exception without discussion.

The exclusion of plaintiff's proffered testimony to the effect that he saw the deceased sign the receipt was error prejudicial to the plaintiff, entitling him to a

New trial.