HOMER PATRICK GODWIN, JR., AND JANICE LUCAS, PLAINTIFFS v. CHARLES L. TEW, JOHN J. TEW, AND BETTY BAKER GURKIN (TEW) DEFENDANTS AND R. ALLEN LYTCH, ADMINISTRATOR C.T.A. OF THE ESTATE OF FANNIE J. TEW THIRD-PARTY DEFENDANTS

No. 7711SC885

(Filed 21 November 1978)

1. **Executors and Administrators § 24.1— personal services rendered decedent— door opened for testimony about contract**

The trial court erred in excluding testimony by defendant on redirect examination concerning a contract with decedent to perform personal services, since plaintiffs by cross-examining defendant as to the personal services she rendered deceased opened the door to testimony as to why she rendered those services.

2. **Evidence §§ 11, 33— testimony about what deceased said—exclusion as hearsay**

Testimony by one defendant that the deceased, who was his mother, had told him that she did not owe the other defendant anything was not excluded by G.S. 8-51, since the testimony was not offered against the administrator, but the testimony was hearsay and should have been excluded on that ground.

3. **Evidence § 34.1— deceased's declaration against interest—admissibility**

The trial court erred in excluding testimony as to what the testatrix told the witness concerning money owed by testatrix to defendant, since the testimony was a declaration against interest and thus an exception to the hearsay rule.

4. **Evidence § 15.2— civil action—evidence of character irrelevant**

In a trial on defendant's claim against decedent's estate, the trial court erred in permitting a witness to testify concerning defendant's shooting of his wife, since evidence of the good or bad character of either party to a civil action is generally inadmissible.

APPEAL by defendants from *McLelland, Judge*. Judgment entered 24 June 1977 in Superior Court, HARNETT County. Heard in the Court of Appeals 17 August 1978.

This is an action commenced by the plaintiffs who were beneficiaries under the will of Fannie J. Tew. After the death of Fannie J. Tew, but before her will was admitted to probate, John J. Tew received $4,500.00 from funds belonging to the estate, and Betty Baker Gurkin Tew received $8,000.00 from funds belonging to the estate. John J. Tew and Betty Baker Gurkin Tew filed answers in which each contended the estate was indebted to them

Godwin v. Tew

in the amount each had received from the estate. The court directed a verdict ordering John J. Tew and Betty Baker Gurkin Tew to pay over to the estate the money which they had received from it. It was stipulated between the parties that the case would be tried on the claims against the estate of each of the original defendants. From a jury verdict of $4,364.00 in favor of Betty Baker Gurkin Tew and a verdict awarding nothing to John J. Tew, both of the original defendants have appealed.

*McLeod and McLeod, by Max E. McLeod, for plaintiff appellees.*

*Morgan, Bryan, Jones, Johnson, Hunter and Greene, by Robert C. Bryan, for defendant appellants.*

WEBB, Judge.

All questions presented on this appeal pertain to questions of evidence.

### BETTY BAKER GURKIN TEW APPEAL

[1] Betty Baker Gurkin Tew contends the court erred in two respects. She first contends the court committed error by not letting her testify as to certain transactions she had with Fannie J. Tew. On direct examination of Betty Baker Gurkin Tew, no testimony was elicited as to transactions between her and the deceased. On cross-examination, the plaintiff elicited testimony from Betty Baker Gurkin Tew that she had brought groceries and personal toilet articles for Mrs. Tew, had prepared meals for Mrs. Tew, and had served Mrs. Tew meals in her room. On redirect examination, Betty Tew offered testimony, which was excluded, that she did these things for Mrs. Tew pursuant to an agreement that she was to be paid $400.00 per week for her services. G.S. 8-51 prohibits testimony by a person interested in the event against the administrator of a deceased person as to personal transactions with the deceased person. The performance of services by a witness for the deceased has been held to be a personal tranaction. *See* 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 73, p. 221 and cases cited therein. Betty Baker Gurkin Tew contends that the plaintiffs opened the door for her to testify as to why she performed the services by cross-examining her as to performance of the services. The incompetence of the adverse party to testify

may be removed by her being cross-examined as to the transaction in question. *Smith v. Dean*, 2 N.C. App. 553, 163 S.E. 2d 551 (1968). When the door is thus opened for the adverse party, it is only opened to the extent that he may testify as to the transaction about which he was cross-examined. 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 75, p. 231. The question before us is whether the plaintiffs in this case by cross-examining Betty Baker Gurkin Tew as to the personal services she rendered Fannie J. Tew, opened the door to the extent Betty Baker Gurkin Tew could testify as to a contract to perform those services. No cases cited in the brief are directly on point, and we can find none in our research. We hold that when the plaintiffs cross-examined Betty Baker Gurkin Tew as to personal services rendered Fannie J. Tew, testimony as to why she rendered the services involved the same transaction, and it was error not to admit it into evidence.

[2] Betty Baker Gurkin Tew next contends that it was error to admit certain testimony by Charles Tew. Charles Tew was allowed to testify, over objection, that his mother, Fannie J. Tew, had told him that she did not owe Betty Baker Gurkin Tew anything. All parties in their briefs treat the question of the admissibility of this testimony as being governed by rules pertaining to transactions with a deceased person. The testimony was not offered against the administrator of the deceased person and is not excluded by G.S. 8-51. 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 71, p. 216. The testimony is hearsay, however, and should have been excluded on that ground. *Gurganus v. Trust Co.*, 246 N.C. 655, 100 S.E. 2d 81 (1957). We also note it was evidence offered on behalf of the administrator as to whether Fannie J. Tew owed anything to Betty Baker Gurkin Tew. Betty Baker Gurkin Tew had completed her testimony at this stage of the trial. Since the question is not before us, we do not pass on whether this would have opened the door for Betty Baker Gurkin Tew to testify that there was an agreement by Fannie J. Tew to pay for her services. *See Batten v. Aycock*, 224 N.C. 225, 29 S.E. 2d 739 (1944).

### JOHN TEW APPEAL

[3] John J. Tew's first assignment of error deals with the exclusion of testimony of Doris Wimberly, one of his witnesses. When Mrs. Wimberly was on the stand, the record shows the following:

"Q. Did Mrs. Tew make any statement to you relative to owing John twenty-five hundred dollars?

MR. MCLEOD: Objection.

A. Yes.

COURT: Sustained.

Q. Did she make any statements to you relative to a loan on the Stony Run parsonage?

MR. MCLEOD: Objection.

COURT: Sustained.

(THE FOLLOWING TESTIMONY WAS GIVEN IN THE ABSENCE OF THE JURY:)

Q. What, if anything, did Mrs. Tew tell you about the loan on the Stony Run parsonage?

OBJECTION. OBJECTION SUSTAINED.

If allowed to answer, the witness would have testified:

A. George Jernigan had secured a loan —

Q. Is this what Mrs. Tew told you?

OBJECTION. OBJECTION SUSTAINED.

If allowed to answer, the witness would have testified:

A. Yes. From John Tew, her son, concerning the Stony Run parsonage, and he paid the money back to Mrs. Tew instead of John because John wasn't there.

Q. What, if anything, did she say to you relative to the purchase of the real estate on North King Avenue in Dunn?

OBJECTION. OBJECTION SUSTAINED.

If allowed to answer, the witness would have testified:

A. That she needed some extra money, the sum of two thousand dollars, I believe. Anyway, she needed a sum of money to finish the purchase of the real estate on North King and Granville, and she borrowed it from John. It was twenty-five hundred dollars, I believe.

Q. This is what she told you?

OBJECTION. OBJECTION SUSTAINED.

If allowed to answer, the witness would have testified:

A. Yes, sir.

Q. To your knowledge, did she ever repay it?

OBJECTION. OBJECTION SUSTAINED.

If allowed to answer, the witness would have testified:

A. No, not to my knowledge. She told me she owed it to him."

The above testimony was offered to prove Fannie J. Tew said that she owed money to John Tew. It is hearsay testimony, but should have been admitted as a declaration against interest. The following is true in regard to this excluded testimony: (1) The declarant was dead. (2) The facts stated by Fannie J. Tew were against her interest when made and she must have been conscious this was so. (3) Fannie J. Tew had competent knowledge of the facts declared. (4) There was no probable motive for her to falsify. (5) The interest was a pecuniary one. The five things make this offered testimony a good example of a declaration against interest and an exception to the hearsay rule. 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 147, pp. 493-95. It was error to exclude it.

[4]   John J. Tew's last assignment of error deals with a question asked on cross-examination of Doris Wimberly, one of John J. Tew's witnesses. She had been called to testify that Fannie J. Tew was indebted to John J. Tew. On cross-examination the record shows the following question was asked:

"Q. You know of your own knowledge that Mr. John J. Tew shot his wife, don't you?

MR. BRYAN: Objection.

COURT: Overruled.

A. Yes, sir, I heard about it."

To allow the plaintiff to offer through Doris Wimberly's testimony that John J. Tew had shot his wife was error. It had no relevance to this case and could only prejudice John J. Tew.

1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 103, at pages 324 and 325 says:

> "Evidence of the good or bad character of either party to a civil action is generally inadmissible. Such evidence is regarded as being too remote to be of substantial value, as tending to confuse the issues and unduly protract the trial, and (most important of all) as offering a temptation to the jury to reward a good life or punish a bad man instead of deciding the issues before them."

For the reasons stated in this opinion as to the claims of John J. Tew and Betty Baker Gurkin Tew, there must be a new trial.

New trial.

Judges MORRIS and HEDRICK concur.