STATE OF NORTH CAROLINA v. JAMES EDWARD WOOTEN
No. 6928SC375

(Filed 19 November 1969)

**Criminal Law § 155— dismissal of appeal for failure to comply with rules**

Court of Appeals dismisses criminal defendant's appeal where defendant (1) failed to docket record on appeal within the time specified by the order allowing *certiorari*, (2) failed to set out any exceptions to the proceedings, rulings or judgment of the court, (3) failed to group any exceptions, and (4) failed to comply with the Court rules for filing record on appeal in that he merely filed a photostatic copy of much of the trial proceedings. Rules of Practice in the Court of Appeals Nos. 19(c) and 21.

ON Certiorari to review the judgment of *McLean, J.,* at the 11 November 1968 Session of BUNCOMBE County Superior Court.

The defendant was charged in a bill of indictment with the larceny of $3,216.13 from the Skyland Beer Distributing Company of Asheville, North Carolina. To the charge the defendant entered a plea of not guilty. A verdict of guilty as charged was returned by the jury and judgment was entered thereon. The defendant, after he began to serve the sentence imposed, requested that the court appoint an attorney to aid him in perfecting an appeal. An attorney was appointed and represented the defendant at a Habeas Corpus proceeding. Since the time for an appeal as of right had passed, the defendant, through his court appointed attorney, filed a petition for certiorari. The petition for certiorari was allowed by order of the North Carolina Court of Appeals on 12 March 1969.

*Ruben J. Dailey for the defendant appellant.*

*Attorney General Robert Morgan and Staff Attorney Christine Y. Denson for the State.*

HEDRICK, J.

The order of the North Carolina Court of Appeals dated 12 March 1969 allowing the defendant's petition for certiorari stated that the record on appeal was to be docketed in this Court by 10:00 A.M. on 3 June 1969. The defendant's attorney was notified of the order by letter dated 14 March 1969 and a copy of the order was certified to the Clerk of the Superior Court of Buncombe County on the same day. The defendant docketed his record on appeal on 4 June 1969 and has for that reason failed to comply with the order of the Court allowing certiorari.

Rule 21, Rules of Practice in the Court of Appeals of North Carolina, provides that: "When appellant is required to serve a record on appeal, he shall set out in his statement of record on appeal his exceptions to the proceedings, ruling, or judgment of the court, briefly and clearly stated and numbered." Under Rule 19(c), Rules of Practice in the Court of Appeals of North Carolina: "All exceptions relied on shall be grouped and separately numbered immediately before the signature to the record on appeal. Exceptions not thus set out will be deemed to be abandoned." The defendant has not set out any exceptions to the proceedings, rulings or judgment of the court. He has not grouped any exceptions as required by Rule 19(c). Indeed, the appellant has failed to comply with the rules of the Court for filing the record on appeal in that he has merely filed a photostatic copy of much of the proceedings in the Superior Court and a transcript of the evidence and the judge's charge. The appellant has also failed to bring forward, as he should have, the order of the North Carolina Court of Appeals allowing his petition for certiorari.

For failure to comply with the rules and orders of this Court, upon motion of the Attorney General, the appeal is dismissed. *Kelly v. Washington,* 3 N.C. App. 362, 164 S.E. 2d 634 (1968); *State v. Flanders,* 4 N.C. App. 505, 167 S.E. 2d 43 (1969); *State v. Ellisor,* 4 N.C. App. 514, 167 S.E. 2d 35 (1969).

Nevertheless, we have examined and considered all of the questions discussed by the appellant in his brief and have found no prejudicial error.

Appeal dismissed.

MALLARD, C.J., and MORRIS, J., concur.