ETHEL B. CULLER v. MAURICE WATTS

No. 8221DC1362

(Filed 17 April 1984)

**Evidence § 11.2; Landlord and Tenant § 13.3— sufficiency of evidence of waiver of notice to renew lease—exclusion of evidence under dead man's statute error**

In an action for summary ejectment where defendant entered into a contract with plaintiff and her now-deceased husband for the lease of part of the couple's land for a sand pit, the court erred in granting summary judgment for plaintiff where defendant proceeded on the theory that by accepting rental payments for a period of 18 months following expiration of the original lease term, plaintiff and her husband waived any right they otherwise had to require written notice of renewal. The trial court erred in sustaining plaintiff's objection to testimony by plaintiff's son establishing the identity of his father's signature on the back of certain checks defendant contended were received and negotiated by the deceased since although the dead man's statute prevented the son from testifying that he *saw* the deceased negotiate the

checks, it did not make him incompetent to testify to the handwriting on the checks. Had this testimony been allowed, defendant would have offered evidence of all four elements necessary to show plaintiff waived the breach, *i.e.*, the failure to give notice of renewal. G.S. 8-51.

APPEAL by defendant from *Harrill, Judge.* Judgment entered 19 August 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 29 November 1983.

Defendant entered into a contract with plaintiff and her now-deceased husband for the lease of part of the couple's land for a sand pit. The lease provided for a one-year term at $150.00 per month, with an option, exercisable by defendant on thirty days' written notice, to renew for an additional five years at the same rent. The one-year term expired and defendant continued in possession and continued to pay the agreed rent. After eighteen months, in March 1982, plaintiff's husband died. Shortly thereafter, before the next payment was due, plaintiff refused to accept further rent. Defendant refused to vacate, and plaintiff filed an action in summary ejectment. From a judgment in favor of plaintiff in Magistrate's Court, defendant appealed. Upon trial *de novo* before a jury, the court denied defendant's motion for a directed verdict at the close of all the evidence but allowed a similar motion by plaintiff. From a judgment ordering him to vacate at the end of the second year of holdover tenancy, defendant appeals.

*Sparrow & Bedsworth, by W. Warren Sparrow and George A. Bedsworth, for defendant appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Thomas W. Moore, Jr., for plaintiff appellee.*

JOHNSON, Judge.

Defendant proceeded on the theory that by accepting rental payments for a period of eighteen months following expiration of the original lease term, plaintiff and her husband, and hence plaintiff, waived any right they otherwise had to require written notice of renewal. Defendant bore the burden of proving that plaintiff had waived the breach, i.e., the failure to give notice of renewal. *Wachovia Bank v. Rubish,* 306 N.C. 417, 293 S.E. 2d 749, *reh'g denied,* 306 N.C. 753, 302 S.E. 2d 884 (1982). To survive a

motion for directed verdict, absent evidence of additional consideration to support the waiver, defendant had to offer evidence of four elements. *Id. First,* that the waiving party, here plaintiff, was the non-breaching party. It is undisputed that prior to giving defendant notice of termination plaintiff had performed her obligations under the contract. *Second,* that the breach did not involve total repudiation of the lease, so that the innocent party continued to receive some of the bargained-for consideration. Defendant attempted to introduce rent checks signed by the deceased, but these were excluded under the "dead man's statute," G.S. 8-51. *Third,* that the innocent party was aware of the breach. Plaintiff admitted that she was aware of defendant's operations on her land; the notice of termination, and her trial testimony, clearly indicate that plaintiff was aware of the lease and its terms. *Fourth,* that the innocent party intentionally waived her right to repudiate by continuing to accept the partial performance of the breaching party. Acceptance by the lessor of rent which the lease provides shall be paid during the extended term is considered such a waiver, nothing else appearing. *Wachovia Bank v. Rubish, supra; Trust Co. v. Frazelle,* 226 N.C. 724, 40 S.E. 2d 367 (1946). No evidence was introduced contradicting intent to waive during the period the checks were allegedly received and negotiated by the deceased. Therefore, the excluded checks would have been sufficient evidence to satisfy this fourth element, since a covenant to renew is not personal, but runs with the land and is binding on the legal successors of the lessor, in this case plaintiff as the survivor of the entireties estate. *Trust Co. v. Frazelle, supra; see also Nolan v. Nolan,* 45 N.C. App. 163, 262 S.E. 2d 719 (1980) (option to purchase runs with land); J. Webster, Real Estate Law in North Carolina §§ 247, 251 (Hetrick rev. ed. 1981).

It is clear then, that if the court's ruling excluding the checks was proper, defendant failed to present evidence on all the elements of waiver as required by *Wachovia Bank v. Rubish, supra.* The directed verdict for plaintiff would therefore be entirely proper. G.S. 8-51, the "dead man's statute," operates to exclude evidence of the acts or statements of deceased persons, since those persons are not available to respond. *See generally* 1 H. Brandis, N.C. Evidence §§ 66-67 (1982). The statute provides in relevant part:

Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic. . . .

Defendant called plaintiff's son as a witness and established that the son could identify his father's, the deceased's, signature. Defendant then attempted to have the son identify the deceased's signature on the back of certain checks. The court sustained plaintiff's objection; thereby it committed prejudicial error. Although the statute prevented the son from testifying that he *saw* the deceased negotiate the checks, it is well established that it did not make him incompetent to testify to the handwriting on the checks. *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222 (1957); *Batten v. Aycock*, 224 N.C. 225, 29 S.E. 2d 739 (1944). The son testified for the record that the handwriting was in fact his father's. Such evidence, if admitted, would have been sufficient to authenticate *prima facie* the deceased's *signature* on the checks; defendant then could have taken the stand to identify and authenticate the *contents* of the checks. Thus, the erroneous ruling prevented defendant from establishing *prima facie* all four elements of waiver and thereby surviving the motion for directed verdict. Defendant has met his burden of showing prejudicial error, and there must accordingly be a new trial.

Since the matter will undoubtedly arise on retrial, we note that the court's other ruling under G.S. 8-51, barring evidence of what the deceased said he was going to do, was entirely proper.

Reversed.

Judges ARNOLD and PHILLIPS concur.