SANDRA K. COLLINS AND HUGH COLLINS, PLAINTIFFS v. DARRYL ROGER TALLEY, DENNIS OVERHOLT, INDIVIDUALLY, MICHAEL OVERHOLT, INDIVIDUALLY, AND DENNIS OVERHOLT AND MICHAEL OVERHOLT D/B/A JONES AUTO PARTS, DEFENDANTS

No. COA00-1248

(Filed 16 October 2001)

**Uniform Commercial Code— bulk sales law—motion for election of remedies**

The trial court did not err by denying plaintiff creditors' motion for election of remedies and entering judgment in the amount of the jury verdict of $1,000 instead of the $75,000 bond posted by defendant transferees to secure the release of the pertinent property from attachment even though the jury verdict

COLLINS v. TALLEY

[146 N.C. App. 600 (2001)]

established that the transfer of inventory to defendants was done in violation of the bulk transfer laws under N.C.G.S. § 25-6-101 et seq., because: (1) the amount of the bond does not establish an independent measure of damages in the principal action; (2) the jury's verdict that defendants had violated the bulk sales law meant simply that the transferor's transfer of the inventory to defendant transferees was ineffectual as to plaintiff creditors and that such property was available to satisfy the transferor's debt owed to plaintiffs; and (3) plaintiffs are entitled to proceed against the bond only in the event defendants do not pay the judgment and costs assessed by the trial court, and then, only to the extent of the judgment and costs.

Appeal by plaintiffs from judgment entered 29 June 2000 by Judge Zoro J. Guice in Macon County Superior Court. Heard in the Court of Appeals 13 September 2001.

*Jones, Key, Melvin & Patton, P.A., by Fred H. Jones, for plaintiff-appellants.*

*No brief filed for defendant-appellees.*

MARTIN, Judge.

Plaintiffs brought this action alleging claims against defendant Darryl Roger Talley for breach of contract, fraud, unfair and deceptive practices, conversion, and for money due on a promissory note, all arising out of defendant Talley's operation of a business known as "R & S Auto Parts." Plaintiffs also asserted a claim against defendant Talley and defendants Overholt, alleging that Talley transferred in bulk all of the inventory, equipment, and other assets of R & S Auto Parts to defendants Overholt, doing business as "Jones Auto Parts," without complying with the provisions of G.S. § 25-6-101 *et seq.*, North Carolina's bulk sales law. Simultaneously, plaintiffs sought attachment of defendants' property.

Defendants Overholt filed an answer in which they admitted that Talley had sold the inventory, equipment and other assets of R & S Auto Parts to them for $60,000; alleged that plaintiffs had been given notice of the sale; asserted affirmative defenses, including estoppel, to plaintiffs' claim for violation of the bulk sales law; and asserted a counterclaim. Defendants Overholt obtained an order discharging the attachment of their property upon posting a bond in the amount of $75,000.

COLLINS v. TALLEY

[146 N.C. App. 600 (2001)]

Though it is not clear from the record filed with this Court, defendant Talley was apparently dismissed from the action and the case proceeded to trial upon the single claim against defendants Overholt for violation of the bulk sales law. The trial court submitted three issues to the jury, which were answered as follows:

1. Did the sale of R & S Auto Parts to the defendants, Dennis and Michael Overholt, violate the North Carolina Bulk Sales Act?

ANSWER: YES

2. Are the plaintiff, Sandra and Hugh Collins, estopped from asserting a violation of the North Carolina Bulk Sales Act?

ANSWER: NO

3. What amount, if any, are the plaintiffs, Sandra and Hugh Collins, entitled to recover from the defendants, Dennis and Michael Overholt?

ANSWER: $1000.00 (One Thousand Dollars)

Prior to the entry of judgment, plaintiffs moved to elect as their remedy, in lieu of the damages awarded by the jury, the recovery of the $75,000 bond. The trial court denied the motion and entered judgment on the verdict. Plaintiffs gave notice of appeal from the judgment.

---

In their sole assignment of error, plaintiffs contend the trial court erred in denying their motion for election of remedies and for entry of judgment in the amount of the bond. Plaintiffs argue that because the jury verdict established that the transfer of R & S Auto Parts' inventory to defendants Overholt was done in violation of G.S. § 25-6-101 *et seq.*, plaintiffs were entitled to recover the amount of the bond posted by defendants to secure the release of the property from attachment. Their argument has no merit.

Article 6 of the Uniform Commercial Code, as set out in Chapter 25 of the North Carolina General Statutes, governs bulk transfers. A bulk transfer "is any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory . . . ." N.C. Gen. Stat. § 25-6-102(1). Such a transfer "is ineffective against any creditor of the transferor unless at least ten days before he takes possession of the goods or pays for them, whichever happens first, the transferee gives notice of

the transfer in the manner and to the persons hereafter provided."
N.C. Gen. Stat. § 25-6-105. Under the statute, the sanction for non-
compliance with the bulk transfer law is that the transfer is ineffec-
tive against creditors of the transferor. Article 6 is designed to pre-
vent a merchant from suddenly selling all or most of his inventory and
then making off with the proceeds of the sale without satisfying his
creditors, Official Comment, G.S. § 25-6-101, and enables the credi-
tors of the transferor to avoid the transaction and levy on the trans-
ferred property to satisfy the transferor's debts. North Carolina
Comment to G.S. § 25-6-104, 25-6-105; *see Raleigh Tire & Rubber Co.
v. Morris*, 181 N.C. 184, 106 S.E. 562 (1921) (decided under former
N.C. Bulk Sales Law). Article 6 does not establish any tort liability
against the transferee nor does it give the creditor the right to recover
from the transferee personally on the transferor's debt, unless the
transferred property has become so commingled with the transferee's
other property so as to be untraceable. Lawrence's Anderson on
the Uniform Commercial Code, Vol. 7A, §§ 6-101:29 & 6-101:33, 3rd
Edition (2001).

In the present appeal, plaintiffs, as appellants, have included nei-
ther a statement of the evidence nor a transcript of the trial proceed-
ings as a part of the record on appeal. *See* N.C.R. App. P. 9(a)(1)e.
Therefore, we are without a means to determine the evidentiary basis
upon which the damage issue was submitted to, or answered by, the
jury. Appellate review is based "solely upon the record on appeal,"
N.C.R. App. P. 9(a); it is the duty of the appellants to see that the
record is complete. *Tucker v. General Telephone Co.*, 50 N.C. App.
112, 272 S.E.2d 911 (1980). We will not engage in speculation as to the
legal or factual basis for the jury award of damages, *Pharr v. Worley*,
125 N.C. App. 136, 479 S.E.2d 32 (1997), and will presume that the jury
was properly instructed and that such verdict was supported by com-
petent evidence. *See In re Botsford*, 75 N.C. App. 72, 330 S.E.2d 23
(1985).

Attachment is an ancillary proceeding to a pending action for a
money judgment which enables a plaintiff to bring the property of a
defendant within "the legal custody of the court in order that it may
subsequently be applied to the satisfaction of any judgment for
money which may be rendered against the defendant in the principal
action." N.C. Gen. Stat. § 1-440.1(a); *see Edwards v. Brown's
Cabinets*, 63 N.C. App. 524, 305 S.E.2d 765, *disc. review denied*, 309
N.C. 632, 308 S.E.2d 64 (1983). When a plaintiff prevails in the princi-
pal action,

the sheriff shall satisfy such judgment out of money collected by him or paid to him in the attachment proceeding or out of property attached by him as follows:

(1)  After paying the costs of the action, he shall apply on the judgment as much of the balance of the money in his hands as may be necessary to satisfy the judgment.

N.C. Gen. Stat. § 1-440.46(a)(1). When the judgment and all costs have been paid, "the sheriff, upon demand of the defendant, shall deliver to the defendant the residue of the attached property or the proceeds thereof." N.C. Gen. Stat. § 1-440.46(e).

The attachment of a defendant's property may be discharged upon the defendant giving a bond, which takes the place of the property to secure the payment of the judgment. N.C. Gen. Stat. § 1-440.39. In such event, a plaintiff who prevails in the principal action may recover the amount of the judgment rendered from the surety on the bond if the defendant fails to satisfy the judgment. However, the amount of the bond does not, as plaintiffs seem to argue, establish an independent measure of damages in the principal action.

In the present case, the jury's verdict that defendants had violated the bulk sales law meant simply that Talley's transfer of the inventory to defendants was ineffectual as to plaintiffs and that such property was available to satisfy Talley's debt owed to plaintiffs. Plaintiffs attached the property in the hands of defendants Overholt, rendering the property subject to the payment of any money judgment which they obtained in the principal action. Defendants Overholt secured the release of the property by posting a bond pursuant to G.S. § 1-440.39, which bond was conditioned upon their payment to plaintiffs of "the amount of the judgment and all costs that the defendant may be ordered to pay." According to the jury's verdict, that amount was determined to be $1,000. Plaintiffs are entitled to proceed against the bond only in the event defendants do not pay the judgment and costs assessed by the trial court, and then, only to the extent of the judgment and costs. The judgment of the trial court is affirmed.

Affirmed.

Judges McCULLOUGH and BIGGS concur.