CARSON v. CARSON

[177 N.C. App. 277 (2006)]

———————————

MARTHA L. CARSON, Plaintiff v. EDWARD CARSON, Defendant

No. COA05-857

(Filed 18 April 2006)

**Appeal and Error— appellate rules violations—failure to file properly settled record**

Defendant husband's appeal from an equitable distribution judgment and alimony order, an order for attorney fees and costs, and a qualified domestic relations order all filed on 24 February

2005 is dismissed for failure to file a properly settled record on appeal, because: (1) defendant's request to the trial court to settle the record on appeal was improper when a party may only request that the trial court settle the record on appeal if that party contends that materials proposed for inclusion in the record or for filing therewith were not filed, served, submitted for consideration, admitted, or made the subject of an offer of proof, and none of these contentions were made by either defendant or plaintiff; and (2) in his attempts to settle and file the record on appeal, defendant failed to comply with the requirements of N.C. R. App. P. 11 and has not complied with an order of the Court of Appeals.

Appeal by defendant from a judgment and orders entered 24 February 2005 by Judge Craig Croom in Wake County District Court. Heard in the Court of Appeals 15 March 2006.

*Nicholls & Crampton, P.A., by Nicholas J. Dombalis, II, for plaintiff-appellee.*

*Edward Carson, pro se, defendant-appellant.*

BRYANT, Judge.

Edward Carson (defendant) appeals from an Equitable Distribution Judgment and Alimony Order, an Order for Attorney Fees and Costs, and a Qualified Domestic Relations Order, all filed on 24 February 2005. The Qualified Domestic Relations Order was subsequently amended by the trial court on 3 March 2005. For the following reasons, we dismiss this appeal.

*Facts and Procedural History*

Plaintiff and defendant were married on 2 February 1962 and separated on 3 January 2003. On 24 March 2003, plaintiff filed a verified Complaint seeking equitable distribution of marital property and debts; an interim distribution of defendant's monthly pension benefits and rental income received from a leased house owned as marital property; a temporary restraining order and injunction enjoining defendant from wasting or disposing of any marital assets; alimony and postseparation support; and attorney's fees. On 2 April 2003, defendant filed a Motion, Answer and Counterclaim seeking a dismissal of plaintiff's claims for an unequal division of the marital property and for a temporary restraining order; denying plain-

**CARSON v. CARSON**

[177 N.C. App. 277 (2006)]

tiff's allegations; and seeking a divorce from bed and board from plaintiff, and an unequal division of the martial property in his favor. The trial court entered a Consent Order Granting Injunctive Relief and Interim Distribution of Property on 9 April 2003, and plaintiff was granted an absolute divorce from defendant on 5 March 2004.

After a hearing before the Honorable Craig Croom on 10 January 2005 the trial court entered: (1) an order awarding attorney's fees and costs to plaintiff; (2) an equitable distribution judgment and order awarding plaintiff alimony and postseparation support; and (3) a qualified domestic relations order (amended on 3 March 2005) awarding plaintiff fifty-percent of defendant's monthly pension benefit. Defendant appeals the entry of these orders and judgment.

Defendant served plaintiff with a proposed record on appeal on 9 May 2005. Plaintiff filed objections to the proposed record on 3 June 2005. Defendant assented to some of plaintiff's objections and filed a request with the trial court for the judicial settlement of the record on appeal. No hearing was set concerning the settlement of the record on appeal and defendant subsequently filed a record on appeal with this Court on 5 July 2005.

On 16 September 2005, plaintiff filed a motion to dismiss this appeal because plaintiff had not consented to the record on appeal filed by defendant and therefore defendant had not filed a settled record on appeal. By order of this Court, entered 4 October 2005, the record on appeal was stricken and defendant was ordered to file a substitute record on appeal on or before 11 October 2005, "which is in accordance with plaintiff-appellee's objection to the original proposed record on appeal and which only includes the assignments of error found in the original proposed record on appeal."

On 10 October 2005, defendant filed with this Court a substitute record on appeal. Defendant did not serve plaintiff with a copy of the substitute record on appeal and the substitute record on appeal is not in compliance with the Order of this Court entered 4 October 2005. On 25 October 2005, plaintiff filed a motion to dismiss this appeal and defendant filed a response to plaintiff's motion on 31 October 2005. In his response, defendant "agrees that there is no settled Record on Appeal and that the Substitute Record on Appeal is not Proper."

"Appellate review is based solely upon the record on appeal; it is the duty of the appellant[] to see that the record is complete." *Collins v. Talley*, 146 N.C. App. 600, 603, 553 S.E.2d 101, 102 (2001) (citations

and quotations omitted). Under Rule 11 of the North Carolina Rules of Appellate Procedure, the first method of settling the record on appeal is by agreement of the parties. In the instant case, the record on appeal was not settled by agreement and defendant was required to and did serve a copy of the proposed record on appeal on plaintiff. Plaintiff then served defendant with a list of objections and proposed amendments to the proposed record on appeal. Defendant agreed to all but one of plaintiff's proposed amendments and the agreed upon amendments then became a part of the record on appeal. N.C. R. App. P. 11(c). The one amendment defendant did not agree to was plaintiff's request to exclude the Affidavit for Attorney Fees and the Order for Attorney Fees. These two documents should then have been "filed with the record on appeal [as exhibits], along with any verbatim transcripts, narrations of proceedings, documentary exhibits, and other items that are filed pursuant to Rule 9(c) or 9(d)[.]" *Id.*

Prior to filing a record on appeal with this Court, defendant requested the trial court to settle the record. Defendant's request was improper because a party may only request the trial court "settle the record on appeal" if that party "contends that materials proposed for inclusion in the record or for filing therewith . . . were not filed, served, submitted for consideration, admitted, or made the subject of an offer of proof . . . ." *Id.* None of these contentions were made by either defendant or plaintiff and thus review by the trial court would have been improper. Further, under Rule 11(c), the trial court's functions in settling the record on appeal are:

> to settle narrations of proceedings under Rule 9(c)(1) and to determine whether the record accurately reflects material filed, served, submitted for consideration, admitted, or made the subject of an offer of proof, but not to decide whether material desired in the record by either party is relevant to the issues on appeal, non-duplicative, or otherwise suited for inclusion in the record on appeal.

N.C. R. App. P. 11(c) (as amended 6 May 2004). In the instant case, plaintiff's objection to the inclusion of the Affidavit for Attorney Fees and the Order for Attorney Fees in the record on appeal was based on her belief that defendant did not appeal from the Order for Attorney Fees. Therefore, whether these documents should have been included in the record on appeal was not an issue to be determined by the trial court.[1]

---

1. Prior to the 6 May 2004 amendments to Rule 11, the trial court had extensive authority to settle the record on appeal when requested by the parties.

In response to plaintiff's first motion to dismiss this appeal, this Court struck the filed record on appeal and ordered defendant to "file and serve a substitute record on appeal with this Court on or before 11 October 2005 which is in accordance with plaintiff-appellee's objections to the original proposed record on appeal . . . ." The substitute record on appeal filed by defendant on 10 October 2005 does not conform with this Court's Order in the following manner: (1) it does not include four documents (plaintiff's exhibits 2, 14, and 24; and a certificate of service filed by plaintiff on 8 March 2005) defendant agreed to include in the record on appeal; (2) it includes a document (plaintiff's exhibit 12) not found in the original proposed record on appeal or in the record on appeal filed with this Court on 7 July 2005; (3) it includes a document (the Qualified Domestic Relations Order) defendant agreed to remove from the original proposed record on appeal; and (4) it includes the Affidavit for Attorney Fees and the Order for Attorney Fees which should instead have been filed as exhibits to the record on appeal.

In his attempts to settle and file the record on appeal in this case defendant has failed to comply with the requirements of Rule 11 of the North Carolina Rules of Appellate Procedure and has not complied with an order of this Court. *See State v. Wooten*, 6 N.C. App. 628, 170 S.E.2d 508 (1969) (dismissing appeal for failure to comply with the rules and orders of this Court); *McLeod v. Faust*, 92 N.C. App. 370, 374 S.E.2d 417 (1988) (dismissing appeal for failure to file a properly settled record on appeal).

Appeal dismissed.

Judge HUNTER and Judge HUDSON concur.