ESTATE OF MONROE M. REDDEN, JR. DECEASED, BY E.K. MORLEY, ADMINISTRA-
TOR CTA, PLAINTIFF V. BARBARA JEAN REDDEN, DEFENDANT

No. COA05-1202-2

(Filed 6 January 2009)

**Evidence— Dead Man's Statute—applicability—evidence
offered by defendant**

>   Considered on remand from the North Carolina Supreme
> Court, the protections of the Dead Man's Statute applied to an ac-
> tion by an estate against a spouse who opened a bank account in
> her name and used her power of attorney to transfer funds to that
> account from another account held only by decedent, who was
> then hospitalized, allegedly pursuant to decedent's oral instruc-
> tions. Decedent's oral communications with defendant were
> offered by defendant in her deposition, not by the estate, and the
> estate timely objected and moved to strike.

On remand to the Court of Appeals from an order of the Supreme
Court of North Carolina remanding the decision of this Court in
*Estate of Redden v. Redden*, 179 N.C. App. 113, 632 S.E.2d 794 (2006)
for consideration of whether plaintiff's admission of defendant's
deposition and failure to object to incompetent portions of said depo-
sition evidence, during the partial summary judgment hearing, con-
stituted a waiver of the protections of the North Carolina Dead Man's
Statute, North Carolina General Statutes, section 8C-1, Rule 601(c).
Appeal by defendant from an order entered 27 June 2005 by Judge
Laura J. Bridges in Henderson County Superior Court. Originally
heard in the Court of Appeals on 29 March 2006.

>   *Law Offices of E.K. Morley, by E.K. Morley, for plaintiff-
> appellee.*
>
>   *Long, Parker, Warren & Jones, P.A., by Philip S. Anderson,
> defendant-appellant.*

JACKSON, Judge.

This case is heard on remand from the Supreme Court. A more
complete recitation of the facts may be found in the original opinion,
*Estate of Redden v. Redden*, 179 N.C. App. 113, 632 S.E.2d 794 (2006);
however, for the convenience of the reader, a summary of the facts is
set forth below.

Barbara Jean Redden ("defendant") was married to Monroe M. Redden, Jr. ("decedent"), who maintained various bank accounts at First Union National Bank, including money market account number 1010044300784 ("Account 784") that was held only in decedent's name. In June 2000, decedent executed a Power of Attorney in favor of defendant. On 16 May 2001, decedent designated defendant as the payable-on-death beneficiary ("POD beneficiary") of Account 784. Decedent never revoked or changed the POD beneficiary designation in favor of defendant on Account 784.

On 21 September 2001, defendant established a bank account in her name only at First Union National Bank, account number 1010052958801 ("Account 801"). That same day, defendant used her Power of Attorney to transfer $237,778.71 from Account 784 to Account 801.

After decedent's death, E.K. Morley ("the Administrator") was named as the administrator of the Estate of Monroe M. Redden, Jr. ("plaintiff"). On 12 February 2004, plaintiff filed a complaint alleging that defendant had committed conversion, constructive fraud, and breach of fiduciary duty in connection with certain banking transactions related to Accounts 784 and 801.

As to the issue for our consideration, defendant argued that the Dead Man's Statute was inapplicable because defendant's deposition was offered *by* the Estate, not *against* the Estate. Defendant also argued that the Statute was waived by a failure to object to the deposition testimony either at the time of deposition or at the partial summary judgment hearing. This Court held that defendant had not established the admissibility of defendant's testimony regarding decedent's oral directions pursuant to Rule 601(c), thus she could not defeat plaintiff's motion for partial summary judgment. *Redden*, 179 N.C. App. at 118, 632 S.E.2d at 799.

Upon consideration, we hold that decedent's oral communications with defendant were offered *by defendant* in her deposition, not by the Estate, and that the Estate timely objected to these communications and moved to strike the incompetent portions, thus preserving the protections of the Dead Man's Statute.

Witness testimony is incompetent pursuant to Rule 601(c) if the witness is a party or is interested in the event; her testimony relates to an oral communication with the decedent; the testimony is against a personal representative of the decedent; or the witness is testifying in his own behalf. *See* N.C. Gen. Stat. § 8C-1, Rule 601(c); *In re Will*

*of Hester*, 84 N.C. App. 585, 595, 353 S.E.2d 643, 650-51, *rev'd on other grounds*, 320 N.C. 738, 360 S.E.2d 801 (1987) (citing *Godwin v. Trust Co.*, 259 N.C. 520, 528, 131 S.E.2d 456, 462 (1963)). The purpose of this rule is to exclude evidence of statements made by deceased persons, "since those persons are not available to respond." *Hester*, 84 N.C. App. at 595, 353 S.E.2d at 651 (citing *Culler v. Watts*, 67 N.C. App. 735, 737, 313 S.E.2d 917, 919 (1984)).

In *Wilkie v. Wilkie*, 58 N.C. App. 624, 294 S.E.2d 230, *disc. rev. denied*, 306 N.C. 752, 295 S.E.2d 764 (1982), this Court held that when a party elicits incompetent evidence under the Dead Man's Statute, the party then waives any protection afforded by the Statute. *Id.* at 627, 294 S.E.2d at 231 (holding that party waived protection of the Dead Man's Statute by eliciting incompetent evidence through interrogatories). In that case, the plaintiff answered interrogatories implicating the Dead Man's Statute. There were no objections made by either party to the interrogatories themselves or the answers given. *Id.* at 626, 294 S.E.2d at 231. That is not the situation we confront in the instant case.

Here, the Estate deposed defendant and offered the deposition testimony into evidence at the partial summary judgment hearing; however, at the time defendant was deposed, the Estate asked no questions soliciting evidence of oral communications between the decedent and defendant. In addition, answers by defendant relating to such oral communications were promptly objected to by the Estate, with appropriate motions to strike.

Q. You opened, if we could refer to this as account 8801, you opened that personally?

A. Yes.

Q. Okay. Monroe did not open the account?

A. No, he wasn't there.

Q. He was in the hospital or in the nursing home?

MR. ANDERSON: Objection to form.

THE WITNESS: He just instructed me to do it.

MR. MORLEY: Objection and a motion to strike as to an oral communication.

BY MR. MORLEY:

Q. My question was, did Monroe participate to any extent in the opening of account 8801?

MR. ANDERSON: Other than oral communications?

BY MR. MORLEY:

Q. Other than oral communications.

. . . .

Q. Now, with regard to that account, the assets in that account, 8801, Monroe never had any interest in that account, did he?

MR. ANDERSON: Objection to form.

THE WITNESS: As far as I was concerned, yes, he did.

BY MR. MORLEY:

Q. To what extent?

A. That he told me everything to do.

MR. MORLEY: Objection. Motion to strike.

The incompetent testimony was not elicited *by the Estate* for its own benefit, but offered by defendant, of her own volition, *against the Estate*. These are precisely the types of statements the Dead Man's Statute seeks to disqualify as incompetent.

Defendant points to an exchange within this line of questioning in which defendant testified that while Account 801 was set up in her name alone, she never considered herself owner of the account until decedent's death.

Q. Who did you consider to be the owner?

A. Monroe.

Q. Monroe exclusively?

A. With me as power of attorney doing what he directed.

The attorney for the Estate did not object or move to strike this last statement. It is not clear that "doing what he directed" refers to decedent's oral communications. "What he directed" could mean the directives included in the terms of the written Power of Attorney. Absent clear evidence of an oral communication, there is no need to object to this statement.

This Power of Attorney is not included in the Record on Appeal for our consideration. Pursuant to the North Carolina Rules of Appellate Procedure, our review is limited to what appears in the record on appeal. N.C. R. App. P. 9(a) (2007) ("review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule 9, and any items filed with the record on appeal pursuant to Rule 9(c) and 9(d)). It is appellant's duty to ensure that the record is complete. *Collins v. Talley*, 146 N.C. App. 600, 603, 553 S.E.2d 101, 102 (2001) (citing *Tucker v. Telephone Co.*, 50 N.C. App. 112, 272 S.E.2d 911 (1980)). This Court will not consider matters discussed in a brief but not appearing in the record. *In re Sale of Land of Warrick*, 1 N.C. App. 387, 390, 161 S.E.2d 630, 632 (1968).

Defendant also argues that the deposition was offered in its entirety into evidence at the partial summary judgment hearing, without objection or motion to strike incompetent portions. Defendant notes that counsel for the Estate quoted sections of this line of questioning in its argument on the motion. Defendant does not state specifically what was quoted from the deposition. No transcript of the hearing appears in the Record on Appeal. In fact, the parties stipulated to the fact that the hearing was neither transcribed nor recorded. We therefore have no way of knowing whether the Estate offered the transcript "in its entirety" or precisely what sections of the deposition were quoted.

As this Court previously has held, "[i]n a nonjury trial, in the absence of words or conduct indicating otherwise, the presumption is that the judge disregarded incompetent evidence in making his decision." *City of Statesville v. Bowles*, 278 N.C. 497, 502, 180 S.E.2d 111, 114-15 (1971) (citations omitted). Because the deposition transcript showed the Estate's objections to the incompetent portions of defendant's deposition testimony, we presume the trial judge relied only on the competent portions of the deposition to render her decision.

Having considered the issue remanded by the Supreme Court, except as herein supplemented, the opinion filed by this Court on 1 August 2006 remains in full force and effect.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges TYSON and GEER concur.

Judge TYSON concurred in this opinion prior to 31 December 2008.