**WILLIAMSON v. WILLIAMSON**

[217 N.C. App. 375 (2011)]

DONALD LEE WILLIAMSON, PLAINTIFF v. MELANIE FOSTER WILLIAMSON, DEFENDANT

No. COA10-323

(Filed 6 December 2011)

## 1. Divorce—equitable distribution—value of business

An equitable distribution order was remanded for a determination of the value of the parties' business where the Court of Appeals could not determine how the trial court arrived at the value it found.

## 2. Divorce—equitable distribution—value of marital residence

The trial court erred in an equitable distribution action in its valuation of the parties' marital home where the record was devoid of any evidence of the value of the residence at the date of separation.

## 3. Divorce—equitable distribution—post separation expenses

An equitable distribution order was remanded for more specific findings where plaintiff was credited with an amount for post separation expenses, but it was not clear whether all of the payments were for the benefit of the marital estate.

Appeal by Defendant from order entered 1 October 2009 by Judge J. Gary Dellinger in Catawba County District Court. Heard in the Court of Appeals 12 October 2010.

*Crowe & Davis, P.A., by H. Kent Crowe, for Plaintiff-Appellee.*

*LeCroy and Willcox, PLLC, by M. Alan LeCroy, for Defendant-Appellant.*

BEASLEY, Judge.

Defendant appeals from the trial court's equitable distribution order entered 1 October 2009 and its order entered 20 May 2010, awarding Defendant alimony and dismissing her counterclaim for attorney's fees. We remand for further findings.

Plaintiff and Defendant were married on 22 February 1975 and had three children before separating on 26 July 2007. Shortly after separating, Plaintiff filed a complaint on 1 November 2007 for equitable

distribution, possession of certain real and personal property, and an injunction barring Defendant from damaging, destroying, or conveying Plaintiff's business and personal assets. Defendant counterclaimed for divorce from bed and board, post-separation support, alimony, custody, child support, attorney's fees, and equitable distribution.

The parties were granted an absolute divorce on 9 October 2008, and, on 10 October 2008, a "Memorandum of Judgment/Order for PSSU" was entered, detailing the parties' agreement as to post-separation support. Regarding the equitable distribution claim, the parties filed respective affidavits, a pretrial order was entered 12 February 2009, and the matter was heard on 21 and 22 April 2009. An order distributing the marital property equally between Plaintiff and Defendant was entered on 1 October 2009. Defendant appealed the equitable distribution order on 7 October 2009 despite the fact that her alimony counterclaim was pending. This Court filed an opinion on 18 January 2011 dismissing the appeal as interlocutory. Defendant filed a Rule 31 Petition for Rehearing on the grounds that the 20 May 2010 alimony order cured the interlocutory nature of *Williamson*. We granted Defendant's petition on 7 February 2011, construing it as a motion for withdrawal of the opinion and now reach the merits of Defendant's equitable distribution appeal.

**[1]** Defendant argues that the trial court erred in its valuation and distribution of Williamson Machine Company, Inc. We agree.

We have consistently reiterated that there is no single best method for assessing the value of a marital business interest, and our appellate courts have recognized various approaches. *See Sharp v. Sharp*, 116 N.C. App. 513, 527, 449 S.E.2d 39, 46 (1994) (citation omitted). Still, "the approach utilized must be sound," and "the trial court must determine whether the methodology underlying the testimony in support of the value of a marital asset is sufficiently valid and whether that methodology can be properly applied to the facts in issue." *Robertson v. Robertson*, 174 N.C. App. 784, 786-87, 625 S.E.2d 117, 119 (2005) (internal quotation marks and citations omitted). "The trial court's findings of fact regarding the value of a [] business should be specific, and the trial court should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied." *Id.* at 786, 625 S.E.2d at 119 (internal quotation marks and citations omitted).

In the case *sub judice*, Plaintiff and Defendant started Williamson Machine Company Inc. during their marriage. Williamson Machine

**WILLIAMSON v. WILLIAMSON**

[217 N.C. App. 375 (2011)]

Company Inc. was incorporated in 1981 and 51% of the stock was issued to Plaintiff and 49% to Defendant. At the equitable distribution hearing, the value of the company was determined by the trial court. The trial court determined that Plaintiff was an expert in machine equipment and relied on his valuation of the company.

> The Plaintiff testified and the Court finds that the net fair market value of Williamson Machine Company, Inc., as of the date of [the] parties separation is $26,500.00. Mr. Williamson's value is based on the liquidated value of the corporation as of the date of separation.

Although the trial court indicated in its finding of fact that it relied on Plaintiff's valuation of the company, a careful review of the record shows that Plaintiff did not value the company at $26,500.00.

> Q. So what is your market value that you say for the entire business assets of everything?
>
> A. Approximately 30,000, 25 to 30 thousand dollars as an estimate.

Also, Plaintiff gives conflicting testimony regarding the value of the business.

> Q. So you would sell this business, 25 to 30 thousand 25 dollars, lock, stock and barrel?
>
> A. I would sell the assets in place on the floor of the business for 25 to 30 thousand dollars.
>
> Q. Well, that's not the same as the market value, correct?
>
> [PLAINTIFF'S COUNSEL]: Objection, Your Honor.
>
> THE COURT: Overruled—sustained because I think he has—
>
> . . .

On direct examination, Plaintiff states a different value of the company.

> Q. So 15,000 for the debt, 3,000 for the disassembly, minus— taken away from the value of the equipment would leave you with about how much?
>
> A. Twelve thousand dollars.
>
> Q. Now, on your affidavit, your amended affidavit, you said that you thought that Williamson Machine Company, Inc., had a value of about $25,000.

A.  Yes.

Q.  That's about seven or eight thousand dollars more than you just testified to. Why would you attribute those seven or eight thousand additional dollars?

A.  I really have no answer for that.

Q.  But your contention is that the business is worth 25,000 now?

A.  I would say that would be a fair estimation, yes.

Additionally, the trial court stated that Plaintiff used a liquidated value approach to value the business and then identified the components of the valuation, which included:

> the net fair market value of the machinery owned by the company, the net fair market value of the 1998 Ford F-150 truck on the date of separation, the net fair market value of the office equipment on the date of separation, the value of the accounts receivable on the date of separation and the value of the cash on hand on the date of separation less the unpaid balance owed by the company on the BB&T loan on the date of separation.

In reviewing the valuation, this Court is unable to determine how the trial court arrived at the value of $26,500.00. "The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law." *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986). Accordingly, we remand for further findings as to the value of Williamson Machine Company, Inc. We note that the trial court has the authority to reject both parties valuation of the company and independently value the company as long as it uses specific and clear methodology. We remand for the trial court to properly determine the valuation of the parties' machine business.

[2] Next, Defendant contends that the trial court committed reversible error in its valuation and distribution of the marital home when it concluded that the gross fair market value of the home was $189,000. We agree.

"A trial court's findings of fact in an equitable distribution case are conclusive if supported by any competent evidence. In an equitable distribution proceeding, the trial court is to determine the net

**WILLIAMSON v. WILLIAMSON**

[217 N.C. App. 375 (2011)]

fair market value of the property based on the evidence offered by the parties." *Fitzgerald v. Fitzgerald,* 161 N.C. App. 414, 419, 588 S.E.2d 517, 521 (2003) (internal quotation marks and citations omitted). "The trial court must make a finding on the value of the marital asset on the date of separation." *Cooper v. Cooper,* 143 N.C. App. 322, 327, 545 S.E.2d 775, 778 (2001).

In the case *sub judice,* the trial court relied on Plaintiff's testimony that the marital residence had a gross fair market value of $189,000.00. Here, the trial court did not rely on competent evidence of the marital home's value *at the time of separation* because the record is devoid of any evidence as to the value of the residence at the date of separation. Therefore, we remand for further proceedings to determine the value of the marital residence at the date of separation.

**[3]** Finally, Defendant argues that the trial court erred by crediting Plaintiff $23,222.33 for post separation expenses he paid on behalf of the support and maintenance of the Defendant. We agree.

"A spouse is entitled to some consideration, in an equitable distribution proceeding, for any post-separation payments made by that spouse (from non-marital or separate funds) *for the benefit of the marital estate.*" *Walter v. Walter,* 149 N.C. App. 723, 731, 561 S.E.2d 571, 576-77 (2002) (emphasis added). "To accommodate post-separation payments, the trial court may treat the payments as distributional factors . . . , or provide direct credits for the benefit of the spouse making the payments[.]" *Id.* at 731, 561 S.E.2d at 577 (citations omitted). "[T]he trial court may, in its discretion, weigh the equities in a particular case and find that a credit or distributional factor would be appropriate under the circumstances." *Id.* at 732, 561 S.E.2d at 577. "[O]ur Supreme Court impliedly approved the use of a credit as a means of taking into consideration post separation payments made towards *marital debts*[.]" *Wirth v. Wirth,* 193 N.C. App. 657, 664, 668 S.E.2d 603, 609 (2008) (citations omitted and emphasis added).

Defendant asserts that the trial court abused its discretion by crediting Defendant for spousal payments that were not for the benefit of the marital estate. The trial court found

> [s]ubsequent to the date of the parties separation, the Plaintiff continued to maintain health insurance for the Defendant, pay medical bills for the Defendant, paid Sam's Club account for the Defendant, paid cable tv cost for the Defendant at Direct Television, paid utility bills for the Defendant, paid telephone service, water service, and paid long distance service for the

Defendant. In total the Plaintiff paid $23,222.33. The Plaintiff made these payments with the expectation that he would receive credit for them in the parties equitable distribution of marital property and did not intend them as a gift to the Plaintiff.

. . . .

The Plaintiff should receive credit . . . in the sum of $23,222.33 for the advancements he paid to or on behalf of the Defendant between the date of separation and the date of the hearing.

Based on the Findings of Fact, it is unclear whether all of the debts were paid for the benefit of the marital estate, especially where Defendant's health insurance was included in the total credit. The trial court is limited to crediting Plaintiff for payments made for the benefit of the marital estate regardless of whether Plaintiff made payments "with the expectation that he would receive credit for them in the parties equitable distribution of marital property[.]" We remand for more specific findings and proper classification of the $23,222.33 advancement.

Accordingly, we vacate the judgment and remand on the foregoing grounds.

Vacated and Remanded.

Judges MCGEE and HUNTER, JR. concur.