An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-838
NORTH CAROLINA COURT OF APPEALS

Filed: 17 February 2015

DONALD LEE WILLIAMSON,
    Plaintiff-Appellee,

v.                                        Catawba County
                                          No. 07 CVD 3914
MELANIE FOSTER WILLIAMSON,
    Defendant-Appellant.


Appeal by Defendant from orders entered 27 January 2014 and 16 April 2014 by Judge J. Gary Dellinger in District Court, Catawba County.  Heard in the Court of Appeals 20 January 2015.


*Wesley E. Starnes for Plaintiff-Appellee.*

*LeCroy Law Firm, PLLC, by M. Alan LeCroy, for Defendant-Appellant.*


McGEE, Chief Judge.


We dismiss Defendant's appeal due to violations of the North Carolina Rules of Appellate Procedure, and because Defendant has failed to include evidence in the record necessary for appellate review.

*Procedural Background*

Donald Lee Williamson ("Plaintiff") filed a complaint against Melanie Foster Williamson ("Defendant") on 1 November 2007 seeking, *inter alia*, equitable distribution. Defendant filed her answer and counterclaim on 25 January 2008, which included claims for divorce, equitable distribution, post-separation support, alimony, child custody, child support and other claims. The parties' equitable distribution claims were heard on 21 and 22 April 2009, and an equitable distribution order was entered on 1 October 2009. Defendant appealed, and this Court filed an opinion on 6 December 2011 vacating the 1 October 2009 order and remanding for additional findings of fact. *Williamson v. Williamson*, 217 N.C. App. 375, 719 S.E.2d 628 (2011). The trial court entered an amended equitable distribution order on 13 August 2012. Defendant again appealed, and the matter was decided by an opinion filed by this Court on 16 July 2013. *Williamson v. Williamson*, __ N.C. App. __, 748 S.E.2d 775, 2013 WL 3770690 (2013). This Court affirmed in part, vacated in part, and

> remanded to the trial court (1) to determine the amount, if any, of credits to be given to [P]laintiff for payments made on or after 1 July 2009; (2) to determine the fair market value of the residence on the date of separation and the date of distribution; and (3) for entry of a final distributive award that considers the impact of the two findings on the undisturbed portion of the award. The trial court shall hear evidence on these matters.

*Id.*, 2013 WL 3770690, at *4.

A hearing on these matters was conducted on 26 August 2013, and the trial court entered a new equitable distribution order on 27 January 2014. Defendant filed a notice of appeal on 5 February 2014. Defendant then filed a "Motion to Withdraw Notice of Appeal; Motion to Amend Judgment and/or Motion for Relief from Order Pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure" on 10 February 2014. The trial court heard Defendant's motions on 4 March 2014, and entered an order on 16 April 2014 allowing Defendant to withdraw her notice of appeal, and denying Defendant's motions pursuant to Rules 59 and 60. In addressing Defendant's Rule 59 motion, the trial court noted that "Defendant did not offer any case or statutory law to support [her] argument." The trial court further stated: "Defendant has not cited any grounds as set forth in . . . Rule 59 . . . for a new trial and that motion should be denied[,]" and "Defendant has not stated any basis pursuant to . . . Rule 60 . . . for relief from judgment and that motion should be denied." The trial court further stated that "Defendant has not made any claim based on any grounds permitted under [R]ule 59 or 60 . . . but has relied on a barebones assertion that 'the Court did not have jurisdiction' to make 'illegal' Findings of Fact." Defendant appeals from both the 27

January 2014 equitable distribution order and the 16 April 2014 order denying her motions pursuant to Rules 59 and 60.

*Analysis*

Because Defendant has violated the North Carolina Rules of Appellate Procedure, and because Defendant has failed to include evidence in the record necessary for appellate review, we dismiss Defendant's appeal.

Similar to Defendant's Rule 59 and Rule 60 arguments before the trial court, on appeal Defendant relies on bald assertions of error absent citation to any legal authority. There are two citations to authority in Defendant's brief, both solely relevant to Defendant's generic statements concerning the standard of review when challenging an equitable distribution order. There is no citation to any authority in any of Defendant's six arguments on appeal. "Failure to cite to supporting authority is a violation of Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, and constitutes abandonment of th[e] argument." *State v. Velazquez-Perez*, __ N.C. App. __, __, 756 S.E.2d 869, 876, *appeal dismissed, disc. review denied*, 367 N.C. 509, 758 S.E.2d 881 (2014); *see also In re A.J. M.-B.*, 212 N.C. App. 586, 595, 713 S.E.2d 104, 111 (2011). "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *Goodson v. P.H. Glatfelter Co.*, 171 N.C.

App. 596, 606, 615 S.E.2d 350, 358 (2005); *see also Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("It is not the role of the appellate courts . . . to create an appeal for an appellant."). Because Defendant has failed to direct us to a single citation of authority in support of any of her arguments on appeal, we dismiss her appeal.

Further, Defendant has not included transcripts from any of the equitable distribution hearings, or the hearing on Defendant's motions pursuant to Rules 59 and 60. "Pursuant to the North Carolina Rules of Appellate Procedure, our review is limited to what appears in the record on appeal." *Estate of Redden v. Redden*, 194 N.C. App. 806, 810, 670 S.E.2d 586, 589 (2009) (citation omitted). "In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9." N.C. R. App. P. Rule 9(a) (2013). "It is appellant's duty to ensure that the record is complete." *Redden*, 194 N.C. App. at 810, 670 S.E.2d at 589 (citation omitted). Defendant's failure to include the transcripts in the record prevent us from meaningful appellate review, and constitutes an additional basis upon which to dismiss her appeal. *Hill v. Hill*, 173 N.C. App. 309, 322, 622 S.E.2d 503, 512 (2005).

Dismissed.

Judges CALABRIA and McCULLOUGH concur.

Report per Rule 30(e).